Victoria CRENSHAW, Elmer Boater, Willie Bean Mary Agnew, et al.
*v.* EUDORA SCHOOL DISTRICT, Dermott School District,
Forrest City School District

04-1291 199 S.W.3d 679

Supreme Court of Arkansas
Opinion delivered December 9, 2004

Per Curiam. In accordance with § 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge J. Leon Holmes of the United States District Court for the Eastern District of Arkansas has by proper motion and certifying order filed a motion and certifying order with our clerk on November 29, 2004. The certifying court requests that our court answer one question of Arkansas law which may be determinative of several similar causes now pending in the certifying court, and it appears to the certifying court that it is presented with an undecided or uncertain question of Arkansas law. The question involves the effect of this court's decision in *Lake View Sch. Dist. No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d 472 (2002), and the subsequent action by the Arkansas General Assembly on the relationship between the State and its public school districts. After a review of the certifying court's thorough analysis and explanation for the need for this court to answer the questions of law presently pending in that court, we accept certification of the following question:

> Whether in light of *Lake View Sch. Dist. No. 25 v. Huckabee*[, *supra*] and the subsequent action of the legislative and executive branches

of government of the State of Arkansas, *Dermott Special Sch. Dist. v. Johnson*[, 343 Ark. 90, 32 S.W.3d 477 (2000)] accurately states the current legal status of the Arkansas school districts, or whether the *Lake View* decision and subsequent actions of legislative and executive branches of government of the State of Arkansas have changed the legal status of Arkansas public school districts such that Arkansas school districts are now arms of the State of Arkansas that would be entitled to invoke sovereign immunity.

This *per curiam* order constitutes notice of our acceptance of the certification. For purposes of the pending proceeding, the following requirements are imposed:

A. Time limits under Rule 4-4 will be calculated from the date of this *per curiam* order accepting certification. The plaintiffs in the underlying actions, Victoria Crenshaw, Elmer Boatner, Willie Bean, and Mary Agnew, et al., are designated the moving parties and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this *per curiam*; the defendants, Eudora School District, Dermott School District, and Forrest City School District, shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of the Petitioners' brief. Petitioners may file a reply brief within fifteen days after the Respondents' brief is filed.

B. The briefs shall be as in other cases except for the content. Only the following items required in Rule 4-2(a) shall be included:

(3) Point on appeal which shall correspond to the certified question in the federal district court's Certification Order.

(4) Table of Authorities.

(6) Statement of the Case which shall correspond to those facts set forth in the federal district court's Certification Order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if the Court concludes that it will be helpful for a full presentation of the issues.

D. Rule 4-6, with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.

GLAZE, J., not participating.